**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERICK SCOTT BLACKWOOD-HEAD** | § | |
| **AKA ERICK SCOTT HEAD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-00703** |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY SHERIFF'S OFFICE,** | § | |
| **HARRIS COUNTY DA, UNKNOWN** | § | |
| **OFFICERS (LOCAL AND FEDERAL),** | § | |
| **UNKNOWN AGENCIES, DEPARTMENTS,** | § | |
| **CONTRACTORS OF FEDERAL** | § | |
| **GOVERNMENT** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS HARRIS COUNTY SHERIFF'S OFFICE AND HARRIS COUNTY**
**DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS  PLAINTIFF'S**
**ORIGINAL COMPLAINT**

**TABLE OF CONTENTS**

Page(s)

I.      NATURE AND STAGE OF PROCEEDINGS ......................................................... 1

II.     STATEMENT OF ISSUES .................................................................................... 2

III.    SUMMARY OF THE ARGUMENT ...................................................................... 3

IV.     STANDARD OF REVIEW ..................................................................................... 3

V.      ARGUMENT AND AUTHORITIES ..................................................................... 5

    21.     12(b)(1)—Jurisdiction.................................................................................. 5

22.    12(b)(6)—Statute of Limitations ................................................................ 5

23.    12(b)(6)—Non Sui Juris ........................................................................... 6

24.    12(b)(6)—Deficient Factual Allegations ................................................. 6

29.    12(b)(6)—Qualified Immunity ................................................................. 7

30.    12(b)(6)—Monell ...................................................................................... 7

37.    12(b)(6)—Duplicative Parties .................................................................. 10

38.    12(b)(6)—State Actors .............................................................................. 10

39.    12(b)(6)—TTCA ....................................................................................... 10

40.    12(b)(7)—Necessary Parties .................................................................... 10

VI.    CONCLUSION ..................................................................................................... 11

CERTIFICATE OF SERVICE ......................................................................................... 12

## TABLE OF AUTHORITIES

PAGE(S)

Cases

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) .................................................................................................. 4, 5
Aviles v. Saldivar,
    No. 4:22-CV-03571, 2023 WL 5487668 (S.D. Tex. Aug. 23, 2023) ......................... 8
Baker v. Putnal,
    75 F.3d 190 (5th Cir. 1996) ....................................................................................... 8
Beckwith v. City of Houston,
    790 Fed. Appx. 568 (5th Cir. 2019) ......................................................................... 6
Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................... 4
Benfer v. City of Baytown,
    120 F.4th 1272 (5th Cir. 2024) ................................................................................. 7
Board of County Commissioners of Bryan County Oklahoma v. Brown,
    520 U.S. 397 (1997) ................................................................................................... 9
City of Canton, Ohio v. Harris,
    489 U.S. 378 (1989) ................................................................................................... 8

ii

*Conner v. Travis County*,
  209 F.3d 794 (5th Cir. 2000) ................................................................................. 8
*Connick v. Thompson*,
  563 U.S. 51 (2011) ........................................................................................... 8, 9
*Cozzo v. Tangipahoa Parish Council–Pres. Gov't,*
  279 F.3d 273 (5th Cir. 2002) ................................................................................. 9
*Darby v. Pasadena Police Dep't*,
  939 F. 2d 311 (5th Cir. 1991) ............................................................................... 6
*Doe v Edgewood Independent School District,*
  964 F3d 351 (5th Cir 2020) .................................................................................. 7
*E.g. Shields v. Twiss*,
  399 F.3d  (2004) .................................................................................................... 7
Hale v. King,
  642 F.3d 492 (5th Cir. 2011) ................................................................................. 5
Hood ex rel. Miss. v. City of Memphis, Tenn.,
  570 F.3d 625 (5th Cir. 2009) ................................................................................. 5
Jackson v. Procunier,
  789 F.2d 307 (5th Cir. 1986) ................................................................................. 4
*Kentucky v. Graham*,
  473 U.S. 159 (1985) ............................................................................................ 10
*Krueger v. Reimer*,
  66 F.3d 75 (5th Cir. 1995) ................................................................................... 10
Leal v. McHugh,
  731 F.3d 405 (5th Cir. 2013) ................................................................................. 4
Lujan v. Def. of Wildlife,
  504 U.S. 555 (1992) .............................................................................................. 4
*Martinez v. Nueces Co.*,
  71 F.4th 385 (5th Cir. 2023) ................................................................................. 9
McNeal v. LeBlanc,
  90 F.4th 425 (5th Cir. 2024) ................................................................................. 4
Morin v. Caire,
  77 F.3d 116 (5th Cir. 1996) ................................................................................... 4
Nat'l Cas. Co. v. Gonzalez,
  637 Fed. App'x 812 (5th Cir. 2016) ....................................................................... 5
*Piotrowski v City of Houston*,
  237 F3d 567 (5th Cir. 2001) .................................................................................. 8
*Quinn v. Roach*,
  326 Fed.Appx. 280 (5th Cir. 2009) ...................................................................... 10
Rajet Aeroservicios S.A. de C.V. v. Cervantes,
  801 F. App'x 239 (5th Cir. 2020) .......................................................................... 5
Roberts v. City of *Shreveport,*
  397 F.3d 287 (5th Cir. 2005) ........................................................................... 8, 10
Shaw v. Villanueva,
  918 F.3d 414 (5th Cir. 2019) ................................................................................. 4
Snyder v. Trepagnier,
  142 F.3d 791 (5th Cir. 1998) ................................................................................. 8

*Taylor v. Hartley*,
    488 F. Supp. 3d 517 (S.D. Tex. 2020)......................................................................... 8
Temple v. Synthes Corp.,
    498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263, (1990) ................................................. 5
*Thompson v. Upshur Cnty.,*
    245 F.3d 447 (5th Cir.2001) .................................................................................... 7, 9
Town of Chester v. Laroe Ests., Inc.,
    581 U.S. 433 (2017)................................................................................................... 3

Statutes

42 U.S.C §1983................................................................................................................ 6, 7
Tex. Civ. Prac. & Rem. Code 101.021 ............................................................................. 10
Tex. Civ. Prac. & Rem. Code 101.057 ............................................................................. 10

Rules

Fed. R. Civ. P. 8(a)(2) ........................................................................................................ 4
Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 4
Fed. R. Civ. P. 17(b)........................................................................................................... 6
Fed. R. Civ. P. 19............................................................................................................ 5, 10
Federal Rule of Civil Procedure 12(b)(7) ......................................................................... 5
Rule 12(b)(1), (6) and (7) of the Federal Rules of Civil Procedure.....................1, 2, 11
Rule 19(a).......................................................................................................................... 5
Rule 19(b) ......................................................................................................................... 5

TO THE HONORABLE JUDGE ROSANTHAL:

Defendants Harris County Sheriff's Office (non sui juris), and Harris County District Attorney's Office (non sui juris) ("County Defendants") file this Motion to Dismiss Plaintiff's Complaint (Docket Entry (DE) 1)) pursuant to Rule 12(b)(1), (6) and (7) of the Federal Rules of Civil Procedure, and respectfully show the Court as follows:

## I.    NATURE AND STAGE OF PROCEEDINGS

1.    Plaintiff asserts multiple causes of actions, including civil rights violations, arising out of criminal cases from Chautauqua County, New York from November 2022 (Docket Entry (DE) 1)) and Harris County, Texas. Plaintiff alleges that the global acts of the Harris County Sheriff's Office ("HCSO"), Harris County District Attorney's Office ("HCDAO") and multiple unknown state and federal employees violated Plaintiff's rights under the U.S. Constitution, and various state laws at the time of his arrest and after.

2.    Based on the pleading, Plaintiff has failed to state a claim upon which relief can be granted against the County Defendants. As such, Harris County respectfully moves this Court to dismiss Plaintiff's claims against County Defendants pursuant to Rule 12(b)(1), (6) and (7).

3.    On July 11, 2024, Erick Scott Blackwood-Head ("Plaintiff" or "Blackwood-Head") was charged with Aggravated Assault with a Deadly Weapon in *State v. Erick Scott Head*, Cause No. 1876093 (Exhibit A) and Aggravated Assault-Family Member in *State v. Erick Scott Head*, Cause No. 1876094 (Exhibit B).

4.    On January 9, 2025, a Harris County grand jury reviewed the allegations and found no probable cause, returning no bills on charges of Aggravated Assault, Cause No. 1876094 (Exhibit C) and Aggravated Assault-Family Member, Cause No. 1876093. (Exhibit D) These cases were dismissed on January 9, 2025, in the 180th District Court in Harris County, Texas.

1

5.      On February 11, 2025, Blackwood-Head filed his original petition against Harris County Sheriff's Office, Harris County District Attorney's Office, Unknown Officers (Local and Federal), Unknown Agencies, Departments and Contractors of Federal Governments asserting claims for relief under Section 1983, Texas state law and FISA. Blackwood-Head makes virtually no factual allegations against the Harris County defendants. But, Blackwood-Head asserts claims for malicious prosecution and excessive force in the Harris County Jail as Constitutional violations.

6.      Plaintiff's factual allegations against the Harris County Defendants are essentially non-existent. The allegations against the County Defendants are conclusory as to governmental liability. DE 1. As such, Plaintiff has failed to state a claim upon which relief can be granted against the Harris County Defendants. Consequently, the County Defendants respectfully move this Court to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(1), (6) and (7).

## II.      STATEMENT OF ISSUES

7.      The issues to be ruled upon by the Court are:

a.   Whether this Court has jurisdiction over Foreign Intelligence Surveillance Act (FISA) matters when the County Defendants are not involved in FISA activities or proceedings.

b.   Whether Plaintiff's claims are time-barred.

c.   Whether the Harris County Defendants are non-jural entities.

d.   Whether Plaintiff failed to state a claim upon which relief can be granted against Harris County entities, employees and/or agents.

e.   Whether the District Attorney (DA) and Assistant District Attorneys (ADA) are state actors when prosecuting crimes and are immune from suit.

2

     f.   Whether the Texas Tort Claims Act provide a cause of action to Plaintiff for intentional torts.

     g.   Whether Plaintiff failed to join necessary parties.

### III.    SUMMARY OF THE ARGUMENT

8.     FISA matters are heard in the Foreign Intelligence Surveillance Court (FISC). Thus, it appears this Court has no jurisdiction over a FISA matter. Further, as a division of a local government and a subdivision of the State of Texas, the County Defendants are not involved in FISA activities or proceedings.

9.     Plaintiff's claims are at least partially time barred.

10.    The County Defendants are non-jural entities.

11.    Plaintiff alleged virtually no facts and failed to state a claim upon which relief can be granted against Harris County entities, employees and/or agents.

12.    The District Attorney (DA) and Assistant District Attorneys (ADA) are state actors when performing prosecutorial functions and are immune from suit.

13.    The Texas Tort Claims Act does not provide a cause of action for intentional torts.

14.    Plaintiff failed to join necessary parties. I.e. the State of Texas and the individuals identified in the complaint.

### IV.    STANDARD OF REVIEW

15.    For purposes of the 12(b)(1) motion, "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017). To establish Article III standing, the plaintiff must have suffered an injury in fact, that is fairly traceable to the challenged conduct of the defendant, and that is likely to be redressed by a favorable judicial decision. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560

(1992). To survive a motion to dismiss, the plaintiff must clearly allege facts demonstrating each element. *Id*.

16.     When considering a 12(b)(6) motion to dismiss, the court must take all well-pleaded facts as true.  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twom*bly, 550 U.S. 544, 555 (2007).

17.     "An  unadorned,  the-defendant-unlawfully-harmed-me  accusation"  will  not  suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible facts which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). In the context of qualified immunity, the Court must determine whether the facts pled show an official violated clearly established law. *McNeal v. LeBlanc*, 90 F.4th 425, 430 (5th Cir. 2024).

18.      "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions are not sufficient. See *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); see also *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

4

19.    Federal Rule of Civil Procedure 12(b)(7) permits the filing of a motion to dismiss for "failure to join a party under Rule 19." As explained by the Fifth Circuit, Fed. R. Civ. P. 19 "is designed to evaluate whether a non-party either impedes the court's ability to 'accord complete relief among existing parties' or has, among additional requirements, 'claimed an interest relating to the subject of the action' —the only two tests for determining whether a person is a required party under Rule 19(a)." *Rajet Aeroservicios S.A. de C.V. v. Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020) (per curiam).

20.    The party advocating joinder bears "the initial burden of demonstrating that a missing party is necessary." *Nat'l Cas. Co. v. Gonzalez*, 637 Fed. App'x 812, 814 (5th Cir. 2016) (per curiam) (citing *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009)). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id*. If joinder is not required under Rule 19(a), "no inquiry under Rule 19(b) is necessary." *Id*. at 815 (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263, (1990)).

## V.    ARGUMENT AND AUTHORITIES

21.    **12(b)(1)—Jurisdiction**. Plaintiff alleges some sort of unauthorized or illegal surveillance and violations of FISA. The FISC is a specialty court established pursuant to FISA. *See* https://www.fisc.uscourts.gov/about-foreign-intelligence-surveillance-court#. Thus, it appears this Court has no jurisdiction over a FISA matter. Further, the County Defendants are not involved in FISA activities or proceedings since the Defendants are not involved in foreign intelligence.

22.    **12(b)(6)—Statute of Limitations**. The statute of limitations for a 42 U.S.C §1983 claim in Texas is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019).

Plaintiff's claims are barred for any cause of action that accrued outside the applicable limitations period.

23.    **12(b)(6)—Non Sui Juris**. The Court must dismiss the Harris County Sheriff's Office, District Attorney's Office and any other servient subdivisions or departments of Harris County as defendants because they are *non sui juris* divisions of Harris County. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" See *Darby v. Pasadena Police Dep't*, 939 F. 2d 311, 313 (5th Cir. 1991) (quoting 1991 version of Fed. R. Civ. P. 17(b), restyled in 2007).  To sue a city or county department, "it must enjoy a separate legal existence." *Id*.  Harris County Sheriff's Office and Harris County District Attorney's Office (with respect to County matters) is a servient political department of Harris County, and Plaintiff has neither alleged nor shown that HCSO or HCDA (or any other servient subdivision or department) is a separate legal entity from the County that is subject to suit. All servient subdivisions or departments are *non sui juris* with no legal capacity to sue or be sued, and therefore Plaintiff's claims must be dismissed.

24.    **12(b)(6)—Deficient Factual Allegations**. Plaintiff failed to state a claim upon which relief can be granted against Harris County entities, agents or employees. Plaintiff  pled no facts against any Harris County entity, agent or employee. He merely pled sparse legal conclusions. Plaintiff appears to be improperly interpolating and confusing events from Chautauqua County, New York and Harris County.

25.    Plaintiff uses the word "Harris" 18 times in the complaint.  Eleven of those references were for identification purposes.

26.    Two references appear to address a malicious prosecution claim.  However, Plaintiff admits the case in Harris County was submitted to a Grand Jury and no billed.  And, the Court records

confirm this. Exhibits A, B, C, and D. Further the records demonstrate that private citizens reported Plaintiff's activities as criminal conduct. There can be no malicious prosecution under these facts. *E.g*. *Shields v. Twiss*, 399 F.3d 142 (2004). Further, there are no facts pled explaining how the Harris County defendants maliciously prosecuted Plaintiff.

27.     Three references address excessive force in the Harris County Jail.  But, Plaintiff alleges no facts regarding the use of force.

28.     Two of the references address "similar circumstances" to claims against other and unrelated Defendants.  But, Plaintiff pleads no facts as to the Harris County Defendants.

29.     **12(b)(6)—Qualified Immunity**. To the extent Plaintiff sued individual Harris County Defendants in their personal capacities, qualified immunity applies, and the Court should dismiss those claims. To determine whether a government official is entitled to qualified immunity the Court must determine, (1) whether the undisputed facts and disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of clearly established law. *Benfer v. City of Baytown*, 120 F.4th 1272, 1279 (5th Cir. 2024). Plaintiff has not identified the clearly established right that any individual defendant violated.  Further, Plaintiff has not pled a single plausible fact. Therefore, those claims should be dismissed.

30.     **12(b)(6)—*Monell* Liability**. Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Thompson v. Upshur Cnty.,* 245 F.3d 447, 459 (5th Cir.2001). The plaintiff must present evidence that the municipality is itself legally responsible for the challenged conduct. *Doe v Edgewood Independent School District*, 964 F3d 351, 364–65 (5th Cir 2020). This is generally established by proving that (i) an official policy (ii) promulgated by a municipal policymaker (iii) was the "moving force" behind the violation of a

7

constitutional right. *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir. 2001) (citations omitted). *See also Aviles v. Saldivar*, No. 4:22-CV-03571, 2023 WL 5487668, at *3 (S.D. Tex. Aug. 23, 2023). Plaintiff did not identify an official policy, procedure, custom, practice, ratification, etc. of any Harris County policymaker as the moving force behind a constitutional violation. Thus, the claims fail.

31.     To the extent Plaintiff alleges a failure to train and supervise. As this court noted, "[t]he Supreme Court observes, 'A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Taylor v. Hartley*, 488 F. Supp. 3d 517, 535–40 (S.D. Tex. 2020), citing to *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  To state such a claim, a plaintiff must plead that:

      a.      the training procedures of the municipality's policymaker were inadequate;

      b.      the policymaker was deliberately indifferent in adopting the training policy; and

      c.      the inadequate training policy directly caused the plaintiff's injury.

*Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000), quoting *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

32.     Municipal liability doesn't attach merely because "a particular officer may be unsatisfactorily trained" or "an otherwise sound program has occasionally been negligently administered." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989). The Fifth Circuit directs with the first element that the focus must be on the adequacy of the training program in relation to the tasks the particular officer must perform. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998), quoting *City of Canton*, 489 U.S. at 390. To survive a motion to dismiss, the plaintiff must allege with specificity how the training program is defective. *Roberts v. City of*

*Shreveport,* 397 F.3d 287, 293 (5th Cir. 2005). Plaintiff makes no plausible allegations in this regard.

33. Plaintiff made no plausible allegations regarding deliberate indifference. This is "a stringent standard of fault," one "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61, quoting *Board of County Commissioners of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 410 (1997). "Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick*, 563 U.S. at 61.

34. A municipality's deliberate indifference requires a plaintiff to allege a pattern of similar constitutional violations by untrained employees. *Id.* at 62. Plaintiff's allegations of a pattern must be specific, sufficiently numerous, and similar incidents. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). Plaintiff cannot simply rely on prior bad acts. Plaintiff does not allege any similar violations.

35. To the extent Plaintiff alleges a failure to supervise as the basis for liability and must show: (1) failure to supervise the officers involved; (2) a causal link between the failure to supervise and the alleged violation of the plaintiff's rights; and (3) the failure to supervise amounted to deliberate indifference to the plaintiff's constitutional rights. *Thompson,* 245 F.3d at 459. Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a lack of supervision claim. *Cozzo v. Tangipahoa Parish Council–Pres. Gov't,* 279 F.3d 273, 286–87 (5th Cir. 2002).

36. To be entitled to the "single act" exception to the general rule, applicable only in certain extreme circumstances, a plaintiff must show that the "highly predictable" consequence of the

9

failure to supervise would result in the specific injury suffered and that the failure to supervise represented the "moving force" behind the constitutional violation. *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005). Plaintiff makes no plausible allegation regarding a failure to supervise.

37.     **12(b)(6)—Duplicative Parties**. To the extent Plaintiff has sued both a Harris County entity and any Harris County employee, official, or agent in their official capacity, those claims are duplicative.  It is well established that a claim against a government official in his official capacity is nothing more than a claim against the governmental entity. See, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). Therefore, any claims against the individual Harris County Defendants are duplicative of the claims against the entity and should be dismissed with prejudice.

38.     **12(b)(6)—State Actors**. The District Attorney (DA) and Assistant District Attorneys (ADA) are state actors when prosecuting crimes. *Quinn v. Roach*, 326 Fed.Appx. 280, 291-292 (5th Cir. 2009); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995). Further,  they are immune from suit. *Id*. Thus, no Harris County entity can be responsible for their actions. The sparse facts Plaintiff provided all deal with a criminal prosecution.

39.     **12(b)(6)—TTCA**.  The Texas Tort Claims Act only waives immunity for personal injuries if the injury was caused by a condition or use of tangible personal or real property. *See* Tex. Civ. Prac. & Rem. Code 101.021. No claims fall into this limited waiver of immunity. Additionally, Plaintiff's state law claims are precluded as they are intentional torts and the government is immune. *See* Tex. Civ. Prac. & Rem. Code 101.057.

40.     **12(b)(7)—Necessary Parties**. Plaintiff failed to join necessary parties. I.e. the State of Texas and the individuals identified in the complaint. Plaintiff claims several private citizens, including his father, harmed him in some way.  Given that their actions are somehow related the

10

claims asserted against the Defendants, the appear to be necessary parties under Fed. R. Civ. P. 19

because the failure to submit these individuals' liability to the fact finder impedes the court's ability

to accord complete relief among existing parties. E.g. a Defendant may be incorrectly held liable

for the actions of a non-party.

41.     Further, Plaintiff did not sue the State of Texas, which is the entity ultimately responsible

for the actions of state prosecutors. Thus, impeding the Court's ability to accord complete relief

among existing parties because Harris County does not control prosecutions.

## VI.     CONCLUSION

42.     For the reasons stated above, Movants are entitled to dismissal of Plaintiff's claims

pursuant to Fed. R. Civ. P. 12(b)(1), (6) and (7).

WHEREFORE, PREMISES CONSIDERED, Movants request that the Court grant this

motion and enter an order dismissing all Plaintiff's claim against any and all Harris County entities,

employees and/or agents, award costs and attorneys' fees and grant all other relief to which

Movants are entitled.

Date: March 17, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS
Respectfully submitted,

11

By:    */s/ Frank Ford*
       **FRANK FORD**
       Assistant County Attorney
       ATTORNEY-IN-CHARGE
       Federal ID No. 565385
       State Bar No. 24012642
       Phone: (832) 570-7582 (direct)
       Frank.ford@harriscountytx.gov
       **VERONICA JONES**
       Assistant County Attorney
       State Bar No. 24097902
       Federal ID No. 3639763
       Tel: (713) 274-5181 (direct)
       Veronica.Jones@harriscountytx.gov

       **OFFICE OF THE HARRIS COUNTY ATTORNEY**
       Harris County Attorney's Office
       1019 Congress
       Houston, Texas 77002

       **ATTORNEYS FOR DEFENDANTS HARRIS
       COUNTY SHERIFF'S OFFICE AND HARRIS
       COUNTY DISTRICT ATTORNEY'S OFFICE**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

/s/ Frank Ford
FRANK FORD

12